■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ANDREA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered August 23, 1984, convicting him of grand larceny in the third degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating that portion of the sentence imposed upon the conviction of grand larceny in the third degree which directed the defendant to make restitution in the amount of $5,000; as so modified, the judgment is affirmed, and the matter is remitted

to the Supreme Court, Queens County, for a hearing to determine the amount of restitution the defendant is to make on the conviction of grand larceny in the third degree, in accordance with Penal Law § 60.27.

The defendant was a police officer whose primary duty was to respond to the scene of past burglaries to search for fingerprints left by the intruders. The People alleged that during the course of his duties, on two separate occasions, the defendant entered the residences of the complainants and stole property therein. The defendant contends that the evidence adduced at trial, which was totally circumstantial, was legally insufficient to prove his guilt because it did not exclude to a moral certainty every reasonable hypothesis of his innocence.

In the first of two incidents on which the indictment is premised, Denise Pivaro returned home to her apartment to discover the door unlocked and her mother's jewelry scattered around the bedroom. Although it appeared that some of the jewelry was missing, she did find that several hundred dollars in cash, which her mother kept in an envelope in her dresser drawer, was still intact. Denise waited for her father to return home and then left. Mr. Pivaro called the police and shortly thereafter the defendant and his partner Officer Andrew Harris arrived, ostensibly to locate fingerprints. Although the defendant and Officer Harris testified that neither of them was ever alone in the bedroom, Mr. Pivaro testified that the defendant was in the bedroom by himself for about 15 minutes while he and Officer Harris filled out a complaint report. The defendant thereafter informed Mr. Pivaro that he could not locate any prints and the officers left. Mrs. Ellen Pivaro arrived home at about 6:00 P.M. and discovered that the cash in the dresser was gone.

In the second incident, the police arrested a man they believed had attempted to break into the apartment of Victoria Karpathy through a bedroom window, although there was no evidence that he actually entered the apartment. Several of the People's witnesses testified that the window in question was open between 12 and 20 inches but John Goldberg, Ms. Karpathy's fiancé, who shared the apartment, testified that the window was only open about 5 or 6 inches and could not be opened further because of security latches on either side of the frame. In any case, on the window ledge were several flowerpots which did not appear to have been disturbed. The window remained in the same position from the time the break-in was discovered, until it was boarded up later in the

day. When Ms. Karpathy returned home she went into her bedroom to check her jewelry. She ascertained that it all appeared to be there but removed it from where she kept it and hid it underneath her night table. She and Goldberg then went to the police station where she remained to file a complaint. Goldberg returned with the defendant and an Officer Thomas Cusack to the apartment, where the defendant began to extensively search both bedrooms, including the contents of the dresser drawers and under the furniture, although Goldberg told him that nothing appeared to be disturbed. Although both Officer Cusack and the defendant testified that the defendant was never outside the presence of Goldberg at any time, Goldberg testified that on at least two occasions the defendant was alone in the bedrooms, at which point he could have stolen the property in question.

Viewing the evidence in a light most favorable to the People, we find with respect to each incident that the facts from which the inference of the defendant's guilt was drawn were inconsistent with the defendant's innocence and excluded to a moral certainty every reasonable hypothesis other than guilt (see, People v Giuliano, 65 NY2d 766). In both situations the evidence revealed that property was taken and that the defendant was the only person with the opportunity to take it since he was the only person alone in the rooms where the property was located. Moreover, in the Karpathy incident, the defendant conducted an extensive search of the complainants' bedrooms, ostensibly in an attempt to locate fingerprints, when there was little or no evidence that any intruder ever entered the apartment. Yet, although the police had arrested a person they suspected of attempting to break into the apartment, the defendant never dusted the bedroom windows, the only parts of the apartment that showed signs of a forced entry. While the defendant and his witnesses gave testimony distinctly at odds with that of the People's witnesses, the jury was free to accept, as it obviously did, the testimony given by the People's witnesses. There is no basis for disturbing the jury's determination.

The defendant further contends that his conviction premised on the Karpathy incident for grand larceny in the third degree cannot stand because the People failed to prove that he stole property having a value in excess of $250 (Penal Law § 155.30). At trial Victoria Karpathy testified that $300 in cash, three United States gold coins and jewelry valued at $10,000 were taken. Although Ms. Karpathy was not able to give the purchase price of most of the jewelry, the People

produced an expert who testified that the three gold coins in question had a combined value of about $770. The testimony of Ms. Karpathy with regard to the cash taken as well as the expert testimony on the value of the coins more than satisfied the People's burden under Penal Law § 155.30.

At sentencing, the court directed, *inter alia*, that defendant make restitution to Ellen Pivaro in the amount of $200 and to Victoria Karpathy in the amount of $5,000. The record contains sufficient evidence to support a finding that Ms. Pivaro's loss totaled $200. It also contains sufficient evidence to support a finding that the cash and coins taken from Ms. Karpathy had a total value of $1,070. However, the court made no specific findings as to the value of any of the items taken from Ms. Karpathy and the record does not contain sufficient evidence upon which to premise a finding as to the value of the jewelry *(see,* Penal Law § 60.27 [2]). Notwithstanding the defendant's failure to request it, a hearing to determine the amount of restitution to be made to Ms. Karpathy was therefore required (Penal Law § 60.27 [2]; *People v Fuller,* 57 NY2d 152; *People v Miller,* 133 AD2d 784, *lv denied* 70 NY2d 934), and we remit the matter for that purpose.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.