■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE NEWTON, Also Known as BLUE NEWTON, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered September 5, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was for suppression of statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's claim that the court should have suppressed a statement he gave to the police is without merit. While any statement given by a defendant to the police as a result of custodial interrogation must be suppressed if the *Miranda* warnings were not first administered, the undisputed testimony adduced at the suppression hearing indicates that the defendant freely agreed to speak with the police officer investigating the crime when he was approached by him in his own backyard. The record further reveals that the resulting 15 minute conversation between the officer and the defendant was free of any coercive elements. In view of the foregoing, we conclude that a reasonable man, innocent of any crime who found himself in the above circumstances would not have considered himself to be in custody *(see, People v Yukl,* 25 NY2d 889). Accordingly, the introduction of the statement was not violative of the principles set forth in *Miranda v Arizona* (384 US 436).

The defendant additionally maintains that the court erred in charging the jury as to the meaning of the term "circumstantial evidence." However, the instant claim of error was not properly objected to at trial, and therefore, it is not preserved for appellate review *(see, People v Thomas,* 50 NY2d 467; CPL 470.05 [2]). In any event, the charge regarding the concept of "circumstantial evidence" was entirely proper.

Finally the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]). Rubin, J. P., Kooper, Sullivan and Balletta, concur.