■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK VELLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 25, 1989, convicting him of assault in the second degree, unauthorized use of a motor vehicle in the third degree, criminal mischief in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the payment of restitution in the sum of $3,144.33; as so modified the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

The defendant asserts that the court erred in relying on his probation report in fixing the amount of restitution. We agree. The People's contention that the defendant did not preserve this claim for appellate review is without merit (see, *People v Miller,* 133 AD2d 784), since the defendant's right to be sentenced as prescribed by law is one of "essential nature" which need not be preserved (*People v Pfaudler,* 164 AD2d 873; *People v Andrea,* 141 AD2d 740, 743).

At bar, the court directed the defendant to make restitution in the amount of $3,144.33. The record reveals that the defendant caused damage to an automobile in the amount of $1,989. This was established by the testimony of an automobile body repairman, and thus restitution in the sum of $1,989 would have been proper. However, the remainder of the restitution amount imposed, representing the victim's medical expenses, was improperly ascertainable solely from the probation report (*People v Kronenberg,* 167 AD2d 483). The court

also erred in failing to inquire whether the defendant had the means to pay the amount in issue *(People v Barnes,* 135 AD2d 825). Accordingly, we conclude that the defendant was deprived of his right to be sentenced in accordance with law, and remit for a hearing on the proper amount of restitution and the manner of performance thereof *(see,* Penal Law § 60.27 [2]).

We find the defendant's remaining contentions to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.