■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS EAGLESTON, Appellant. [599 NYS2d 40] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered March 6, 1989, convicting him of burglary in the first degree, assault in the first degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's burglary and assault convictions stem from the brutal stabbing of his estranged wife on the evening of December 27, 1986, in the parties' home. The defendant had been barred from the home by an order of protection. The defendant inflicted multiple wounds on his wife's face, arms, chest and back with a 10 to 12-inch knife. In all, there were approximately 33 such wounds, including a severe injury to one of the victim's eyes.

The defendant's contention that the court erred in not charging the lesser-included offenses of assault in the second degree and assault in the third degree under count four of the indictment lacks merit. Count four charged assault in the first degree by means of a deadly weapon or dangerous instrument (see, Penal Law § 120.10 [1]). We agree with the trial court's reasoning that while the first degree assault charge required an intent to cause "serious physical injury" by use of a deadly weapon or dangerous instrument, the lesser charges required merely that "physical injury" be caused, and a reasonable view of the evidence did not support a finding that the defendant merely intended to cause and caused physical injury (see, CPL 1.20 [37]; 300.50 [1]; People v Ford, 62 NY2d 275, 281; People v Glover, 57 NY2d 61, 63; People v Scarborough, 49 NY2d 364, 369-370; People v Robinson, 166 AD2d 543).

The defendant's sentence is not excessive (see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80).

We find no merit to the defendant's remaining contention. Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.