■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACKSON, Appellant. [692 NYS2d 400] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered November 14, 1996, convicting him of murder in the second degree, upon a jury verdict, sentencing him to an indeterminate term of 25 years to life imprisonment and directing him to pay restitution in the amount of $8,375. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the payment of restitution in the amount of $8,375; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

We discern no basis for disturbing the conclusions of the hearing court, based upon the evidence in the record, that the defendant was not in custody at the time a police officer conducted investigatory questioning at the defendant's house and that the defendant's statements at the police precinct were preceded by a valid waiver of his *Miranda* rights. Accordingly, suppression of those statements was properly denied (*see, People v Bennett,* 70 NY2d 891; *People v Mason,* 157 AD2d 859; *People v Johnson,* 150 AD2d 495; *People v Newton,* 149 AD2d 629; *People v Putland,* 105 AD2d 199).

Although proof of the defendant's guilt was primarily circumstantial, "[c]ircumstantial evidence is not a disfavored form of proof and, in fact, may be stronger than direct evidence" (*People v Geraci,* 85 NY2d 359, 369; *see, People v Kovacs,* 255 AD2d 457). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Finally, while the imposition of the maximum sentence was not excessive under the circumstances (*see, People v Suitte,* 90 AD2d 80), we find that the trial record and presentence report were insufficient to enable the court to determine the proper amount of restitution, and therefore, a hearing is required. While the sentencing court " 'acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution * * * the court should have conducted a hearing upon receipt of the Probation

Department's report' " (*People v James,* 186 AD2d 679; *see also, People v Vella,* 176 AD2d 768; *People v Kronenberg,* 167 AD2d 483). Accordingly, we conclude that the defendant was deprived of his right to be sentenced in accordance with the law and, notwithstanding the defendant's waiver of a hearing on the issue of restitution, the matter is remitted for a hearing on the proper amount of restitution and the manner of payment thereof (*see,* Penal Law § 60.27 [2]; *People v Miller,* 133 AD2d 784; *People v Vella, supra; People v Kronenberg, supra*).

The defendant's remaining contentions are without merit. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.