■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON FIGUEROA, Appellant. [870 NYS2d 454]

The trial court properly denied the defendant's request to charge assault in the third degree (*see* Penal Law § 120.00 [1])

as a lesser-included offense of assault in the second degree (*see* Penal Law § 120.05 [1]). Contrary to the defendant's contention, viewing the evidence in the light most favorable to him (*see People v Randolph*, 81 NY2d 868, 869 [1993]; *People v Martin*, 59 NY2d 704, 705 [1983]), no reasonable view of the evidence supported a finding that the injury he caused was anything less than a serious physical injury (*see People v Vasquez*, 25 AD3d 465, 466 [2006]; Penal Law § 10.00 [9], [10]).

The trial court's charge properly limited the application of the defense of justification to those circumstances in which the use of deadly physical force would be justified (*see* Penal Law § 35.15 [2]). Contrary to the defendant's contention, viewing the evidence in the light most favorable to him (*see People v Mc-Manus*, 67 NY2d 541, 549 [1986]), no reasonable view of the evidence supported a finding that the force he used was anything less than deadly physical force (*see People v Hyc*, 240 AD2d 431, 432 [1997]; *People v McCabe*, 237 AD2d 380, 380-381 [1997]; *People v Samuels*, 198 AD2d 384 [1993]; Penal Law § 10.00 [11]; § 35.15 [1]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.