■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONNIE HALL, Appellant. [886 NYS2d 743]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 16, 2007, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that she used a "dangerous instrument" to injure the complainant is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant used a dangerous

instrument to injure the complainant (*see* Penal Law § 10.00 [13]; § 120.05 [2]). Furthermore, contrary to the defendant's contention, the evidence was legally sufficient to disprove her justification defense beyond a reasonable doubt (*see* Penal Law § 35.15 [1] [b]; *People v Acquista,* 41 AD3d 491, 492 [2007]; *People v Suphal,* 7 AD3d 547, 547-548 [2004]; *People v Williams,* 304 AD2d 595 [2003]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contentions regarding the jury instruction concerning "dangerous instruments," and the denial of her request for a charge on the justifiable use of "ordinary physical force," are without merit. The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.