■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RODRIGUEZ, Appellant. [900 NYS2d 402]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered April 24, 2008, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence, including restitution in the sum of $17,274.40.

Ordered that the judgment is modified, on the law, by vacating the provision of the sentence directing the defendant to pay restitution in the sum of $17,274.40; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish his guilt of assault in the first and second degrees beyond a reasonable doubt (*see* Penal Law § 35.15; *People v Hall*, 65 AD3d 1377 [2009]; *People v Pickens*, 60 AD3d 699, 701 [2009]; *People v Chung*, 39 AD3d 558 [2007]; *People v Wimberly*, 19 AD3d 518, 519 [2005]; *People v Briggs*, 285 AD2d 514 [2001]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15

[5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly denied the defendant's request to charge assault in the third degree (*see* Penal Law § 120.00 [1]) as a lesser-included offense of assault in the second degree (*see* Penal Law § 120.05 [4]). Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that would support a finding that he assaulted the victims but did not use a deadly weapon or dangerous instrument (*see People v Hercules*, 47 AD3d 835 [2008]; *People v Vaughn*, 36 AD3d 434, 436 [2007], *cert denied* 552 US 1284 [2008]; *People v Smith*, 235 AD2d 558 [1997]; CPL 300.50 [1]), or that the injury the defendant caused was anything less than a serious physical injury (*see People v Figueroa*, 57 AD3d 1003, 1003-1004 [2008]; *People v Eagleston*, 194 AD2d 623 [1993]).

Furthermore, the trial court properly denied the defendant's request for a jury charge on the justifiable use of "physical force" (Penal Law § 35.25). Viewed in the light most favorable to the defendant, no reasonable view of the evidence supported a finding that the force he used was anything less than deadly physical force (*see People v Magliato*, 68 NY2d 24, 29 [1986]; *People v Figueroa*, 57 AD3d at 1004; *People v Beckford*, 49 AD3d 547, 548 [2008]; *People v Hyc*, 240 AD2d 431, 432 [1997]; Penal Law § 10.00 [11]; § 35.15 [1]).

The defendant's contention that the trial court improperly allowed the People to admit his grand jury testimony as part of the case-in-chief is unpreserved for appellate review (*see* CPL 470.05 [2]) since the defendant's objection at trial was based upon grounds different from those raised on appeal (*see People v Clas*, 54 AD3d 770 [2008]; *People v Saladana*, 208 AD2d 872, 873 [1994]). In any event, the grand jury testimony was properly admitted as an admission by the defendant (*see People v Spurgeon*, 264 AD2d 401 [1999]; *People v Rose*, 224 AD2d 643 [1996]; *People v Rodriguez*, 191 AD2d 597, 598 [1993]; *People v Koestler*, 176 AD2d 1207, 1208 [1991]).

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defend-

ant was punished for asserting his right to proceed to trial (*see People v Pena*, 50 NY2d 400, 411 [1980], *cert denied* 449 US 1087 [1981]; *People v Brock*, 69 AD3d 644 [2010]; *People v DeHaney*, 66 AD3d 1040, 1041 [2009]; *People v Garcia*, 66 AD3d 699, 701 [2009]; *People v Smith*, 49 AD3d 904, 906 [2008]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

However, we agree that the Supreme Court erred in relying upon a preliminary fact-finding report prepared by the Nassau County Probation Department in fixing the amount of restitution. "While the sentencing court ' "acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution . . . the court should have conducted a hearing upon receipt of the Probation Department's report" ' " since the trial record and presentence report did not contain sufficient information to accurately determine the proper amount of restitution (*People v Jackson*, 261 AD2d 636, 637-638 [1999], quoting *People v James*, 186 AD2d 679, 680 [1992] [internal quotation marks omitted]; *see* Penal Law § 60.27 [2]; *People v Myron*, 28 AD3d 681, 684 [2006], *cert denied* 549 US 1326 [2007]; *People v Vella*, 176 AD2d at 768-769). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing on the proper amount of restitution and the manner in which it is to be paid (*see* Penal Law § 60.27 [2]). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.