■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC G. MARTINEZ, Appellant. [39 NYS3d 810]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered March 23, 2015, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence, including restitution in the sum of $73,000, plus a surcharge in the sum of $7,300.

Ordered that the judgment is modified, on the law, by vacating the provisions thereof directing the defendant to make restitution in the sum of $73,000, plus a surcharge in the sum of $7,300; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for a hearing and new determination concerning the proper amounts of restitution and surcharge, and the manner of payment thereof.

The County Court erred in summarily ordering restitution in the sum of $73,000 absent a proper factual record from which the amount of medical expenses actually incurred by the injured victim could be inferred (*see* Penal Law § 60.27 [5] [a], [b]; *People v Consalvo*, 89 NY2d 140 [1996]; *People v Fuller*, 57 NY2d 152, 158-159 [1982]; *People v Rodriguez*, 73 AD3d 815, 817 [2010]; *People v Vella*, 176 AD2d 768 [1991]). Contrary to the People's contention, the defendant's argument that the restitution order was not lawfully imposed is not subject to the preservation rule (*see People v Samms*, 95 NY2d 52, 56-57 [2000]; *People v Fuller*, 57 NY2d at 156; *People v Vella*, 176 AD2d 768 [1991]; *cf. People v Horne*, 97 NY2d 404 [2002]; *People v Callahan*, 80 NY2d 273, 280-281 [1992]). Nor is such a challenge foreclosed by the defendant's appeal waiver (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Casiano*, 8 AD3d 761, 762 [2004]). Accordingly, so much of the judgment as directed the defendant to make restitution must be vacated and the matter remitted to the sentencing court for a hearing and a new determination as to whether the defendant should be

required to make restitution and, if so, the proper amount and the manner of payment (*see People v Rodriguez*, 73 AD3d at 817; *People v Vella*, 176 AD2d 768 [1991]; *People v Kronenberg*, 167 AD2d 483, 484 [1990]; *People v Barnes*, 135 AD2d 825, 826 [1987]).

Moreover, the County Court erred in imposing a surcharge in excess of five percent of the entire amount of restitution, as the record contains no affidavit from the official or organization responsible for collecting the surcharge demonstrating that the actual cost of collection and administration will exceed five percent (*see* Penal Law § 60.27 [8]; *People v Perez*, 130 AD3d 1496, 1497 [2015]; *People v Stachnik*, 101 AD3d 1590, 1592 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.