People v Lugo (2019 NY Slip Op 01617)





People v Lugo


2019 NY Slip Op 01617


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-06035
 (Ind. No. 14-00663)

[*1]The People of the State of New York, respondent,
v
Edgar Lugo, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered February 10, 2015, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence, including restitution in the sum of $73,000, plus a surcharge in the sum of $7,300.
ORDERED that the judgment is modified, on the law, by vacating the provisions thereof directing the defendant to make restitution in the sum of $73,000, plus a surcharge in the sum of $7,300; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for a hearing and new determination concerning the proper amounts of restitution and surcharge, and the manner of payment thereof.
The defendant was charged by indictment with attempted murder in the second degree and assault in the first degree. On January 8, 2015, the defendant entered a plea of guilty to assault in the first degree. During the plea allocution, the County Court told the defendant that "when [the court does] in fact impose sentence upon [him], [he] must waive and give up [his] right to appeal." On February 10, 2015, the court imposed sentence, including restitution in the sum of $73,000, plus a surcharge in the sum of $7,300. After the sentence was pronounced, the defendant executed the written waiver of the right to appeal, which was the subject of a voir dire conducted by the court. The defendant appeals.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid because the County Court's terse colloquy at the plea allocution suggested that waiving the right to appeal was mandatory, and the court failed to sufficiently advise the defendant of the nature of his right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d 133, 137, 142; People v Ayala, 112 AD3d 646; People v Salgado, 111 AD3d 859, 859; People v Nugent, 109 AD3d 625). Furthermore, the defendant did not execute a written waiver of the right to appeal and the court did not conduct a voir dire with respect thereto until after the sentence was pronounced. These circumstances do not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal as a condition of his plea of guilty (see People v Finnegan, 112 AD3d 847; People v Gil, 109 AD3d 484). Accordingly, the appeal waiver may not be enforced (see People v Finnegan, 112 AD3d 847; People v Gil, 109 AD3d at 485; see also People v Bradshaw, 18 NY3d 257, 265; People v Lopez, 6 NY3d 248, 256). In any event, the defendant's [*2]contentions that the restitution order and surcharge were not lawfully imposed survive a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 9; People v Martinez, 144 AD3d 708; People v Casiano, 8 AD3d 761, 762).
As correctly conceded by the People, the County Court should not have summarily ordered restitution in the sum of $73,000 absent a proper factual record from which the amount of medical expenses actually incurred by the injured victim could be inferred (see Penal Law § 60.27[5][a], [b]; People v Consalvo, 89 NY2d 140, 145-146; People v Fuller, 57 NY2d 152, 158-159; People v Martinez, 144 AD3d 708; People v Rodriguez, 73 AD3d 815, 817; People v Vella, 176 AD2d 768). Thus, so much of the judgment as directed the defendant to make restitution, plus a surcharge, must be vacated and the matter remitted to the sentencing court for a hearing and a new determination as to whether the defendant should be required to make restitution, plus the authorized surcharge, and, if so, the proper amount and the manner of payment (see People v Martinez, 144 AD3d 708; People v Rodriguez, 73 AD3d at 817; People v Vella, 176 AD2d 768).
Contrary to the defendant's contention, the County Court was authorized to impose a surcharge of 10% of the total amount of restitution ordered rather than the surcharge of 5% that is directed by Penal Law § 60.27(8). The record includes an affidavit dated February 10, 2015, of the supervisor of the Orange County Probation Department demonstrating that the actual cost of collection and administration will exceed 5% (see Penal Law § 60.27[8]; cf. People v Martinez, 144 AD3d 708; People v Perez, 130 AD3d 1496, 1497; People v Stachnik, 101 AD3d 1590, 1592). In response, the defendant failed to file an application with the court contending that the imposition of the additional surcharge would cause undue hardship or otherwise not be in the interest of justice (see Penal Law § 60.27[8]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court