■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered December 5, 1983, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly held admissible both the in-court identification of the defendant and the inculpatory statement made by him. A photograph is suggestive when highlighted so as to indicate to the viewer that the police have made a particular selection *(see, People v Shea,* 54 AD2d 722). In this case an eyewitness to the crime, who made an in-court identification of the defendant during the course of the hearing, had previously picked out the defendant's photograph

from a photographic array containing a total of six photographs. Although the photograph depicting the defendant was the only Polaroid photograph in the group, it did not contain any distinctive feature which would tend to draw the viewer's attention, so as to indicate that the police believed the defendant to be the perpetrator of the crime. Accordingly, the photographic array was not suggestive and an in-court identification would have been free of any taint.

Furthermore, the record clearly supports the finding of the hearing court that the defendant was properly administered his *Miranda* warnings and that finding should not be disturbed *(see, People v Prochilo,* 41 NY2d 759). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.