■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO MUNOZ, Appellant. [636 NYS2d 313] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered July 6, 1993, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12 to 24 years, unanimously affirmed.

Defendant's guilt was established beyond a reasonable doubt by, *inter alia*, the eyewitness testimony (*People v Vega*, 219 AD2d 500). The trial court properly denied defendant's pretrial *Wade* motion which sought suppression of the identifications made by three eyewitnesses. The two photo arrays, which placed defendant in same numbered positions, and his presence in a subsequent lineup where he was dressed in the same manner as in one of the photo array pictures, were not so suggestive as to create the substantial likelihood that defendant would be misidentified (*see, People v Simmons*, 170 AD2d 15, 19, *lv denied* 78 NY2d 1130).

Defendant's claim that he was denied his right to participate during voir dire (*People v Antommarchi*, 80 NY2d 247) is without merit. The record shows that the court informed him of his rights before he knowingly and voluntarily waived them (*People v Perez*, 196 AD2d 781, *lv denied* 82 NY2d 900). Defendant's assertion that the People committed a *Trowbridge* (305 NY 471) error when a police officer testified about the pretrial identification procedure is not preserved, and in any event without merit. The testimony merely concerned the procedure utilized and did not bolster the witness's out-of-court identification (*People v Carolina*, 211 AD2d 454, *lv denied* 85 NY2d 860). Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.