■ , THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDIKI WEAY, Appellant. [767 NYS2d 847]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered July 30, 2001, convict-

ing him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of the defendant's motion to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress the identification testimony of two eyewitnesses. The defendant's claim that the lineup identification procedure was unduly suggestive simply because the defendant sat in the number five position in the lineup, by his choice, and four days earlier had been depicted in position number five in a two-tier six-photograph array, is without merit (see People v Munoz, 223 AD2d 370 [1996]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]). The evidence adduced at trial revealed that the defendant, who spontaneously opened fire into the street as several people ran to get away from him and shot the deceased in the back of the head, acted with a depraved indifference to human life (see People v Fenner, 61 NY2d 971 [1984]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.