THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN PORTER, Appellant. (Appeal No. 1.) [768 NYS2d 905]—

Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered January 25, 2002, convicting defendant after a jury trial of tampering with a witness in the third degree and intimidating a victim or witness in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) (appeal No. 2) and from a second judgment convicting him following the same jury trial of tampering with a witness in the third degree (§ 215.11 [1]) and intimidating a victim or witness in the third degree (§ 215.15 [1]) (appeal No. 1). Contrary to the contention of defendant, the identification procedure was not unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). All six subjects in the photographic array were approximately the same age and weight, had similar coloring and hairstyles, and were wearing eyeglasses (*see id.* at 336). We conclude that no substantial likelihood that defendant would be singled out for identification was created by the facts that his eyeglasses shone with a brighter reflection than those of the other subjects (*see generally People v Sawyer*, 253 AD2d 501 [1998], *lv denied* 92 NY2d 930 [1998]; *People v Robert*, 184 AD2d 597, 597-598 [1992], *lv denied* 80 NY2d 929, 933 [1992]), that defendant wore a patterned shirt while the other subjects did not (*see People v Stackhouse*, 201 AD2d 686 [1994], *lv denied* 84 NY2d 833 [1994]), or that some of the other subjects wore eyeglasses larger than his; in fact, at least two of the other subjects wore eyeglasses of comparable size to defendant's (*see generally People v Parker*, 257 AD2d 693, 694 [1999], *lv denied* 93 NY2d 1024 [1999]). In addition, the police officer's statement to the victim that the perpetrator's photograph may or may not be in the array did not render the procedure unduly suggestive (*see People v Wooley*, 249 AD2d 46, 49 [1998], *lv denied* 92 NY2d 863 [1998]).

We also reject the contention of defendant that the judgment of conviction for tampering with a witness and intimidating a victim or witness must be reversed on the ground that the proof established more than one threat against the victim, thus making it possible that the jury convicted him of an unindicted act or that different jury members convicted him based on different acts (*cf. People v Greaves*, 1 AD3d 979 [2003]; *People v Burns*,

303 AD2d 1032, 1033 [2003]; *People v George*, 255 AD2d 881 [1998]). The evidence at trial establishes that defendant spoke with the victim only once by telephone and during that telephone call threatened the victim only once in a manner that instilled in her a fear that he would cause physical injury to her (*see* Penal Law § 215.11 [1]; § 215.15 [1]). Defendant's attempt to characterize a second telephone call made by a woman named "Keesha" as a second criminal act committed by defendant is unavailing because the record does not establish that Keesha threatened the victim or otherwise instilled fear in her. In fact, the victim testified that Keesha told her that nothing would happen to her whether she chose to testify against defendant or not. Moreover, contrary to the contention of defendant that he "directed" that second telephone call to the victim, his own testimony establishes that he did not know about it before it occurred and that he questioned Keesha's decision to make the telephone call after he learned of it.

Finally, the sentence is neither unduly harsh nor severe. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.