■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEANE CURTIS, Appellant. [900 NYS2d 68]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 6, 2008, convicting him of robbery in the first degree (two counts), robbery in the second degree (three counts), and burglary in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification

testimony. A photographic array is suggestive where some characteristic of an individual's picture draws the viewer's attention to it, indicating that the police have made a particular selection (*see People v Wright*, 297 AD2d 391 [2002]; *People v Williams*, 289 AD2d 270, 270-271 [2001]; *People v Cherry*, 150 AD2d 475, 475-476 [1989]). Contrary to the defendant's contention, the various persons depicted in the photographic array used in the pretrial identification procedure were sufficiently similar in appearance to the defendant that there was little likelihood the defendant would be singled out for identification based on particular characteristics (*see People v Howard*, 50 AD3d 823 [2008]; *People v Ragunauth*, 24 AD3d 472 [2005]; *People v Burke*, 251 AD2d 424 [1998]).

The defendant's contention that the evidence was legally insufficient to sustain his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Huertas*, 65 AD3d 594 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.