Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 13, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
In November 2011, the defendant agreed to plead guilty to one count of criminal possession of a weapon in the second degree, in satisfaction of a multicount indictment. On the day the defendant pleaded guilty, the court told him that a condition of the plea agreement was that he waive his right to appeal. The court did not, however, explain the right to appeal until the date the defendant was sentenced, more than a month after the defendant pleaded guilty, and only after the sentence was actually pronounced. Also, the defendant’s written waiver of the right to appeal was executed after the pronouncement of sentence. These circumstances do not establish that the defend *485 ant knowingly, voluntarily, and intelligently agreed to waive his right to appeal as a condition of his plea of guilty. Accordingly, the appeal waiver may not be enforced (see People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Bouton, 107 AD3d 1035, 1036-1037 [2013]).
Nonetheless, the defendant’s contention that the sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (see People v Gonzales, 101 AD3d 1149, 1151 [2012]), and, in any event, is without merit (see People v Khan, 89 AD3d 750, 751-752 [2011]). Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.