# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1180**

**KA 12-00390**

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MICHAEL PLUMLEY, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL PLUMLEY, DEFENDANT-APPELLANT PRO SE.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LAURIE M. BECKERINK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered December 19, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [1]). We reject defendant's contention that County Court erred in refusing to suppress physical evidence seized by the police from the bedroom and an adjoining room in an apartment in which defendant had stayed. "It is well established that the police need not procure a warrant in order to conduct a lawful search when they have obtained the voluntary consent of a party possessing the requisite authority or control over the premises or property to be inspected" (*People v Adams*, 53 NY2d 1, 8, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *see People v Cosme*, 48 NY2d 286, 290). Thus, " 'where two or more individuals share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of the others' " (*People v Rivera*, 83 AD3d 1370, 1372, *lv denied* 17 NY3d 904, quoting *Cosme*, 48 NY2d at 290).

Here, the People met their burden of establishing that the police reasonably believed that the lessee of the subject apartment had the authority to consent to the search of the apartment, including the areas of the apartment from which the physical evidence was seized (*see People v Smith*, 101 AD3d 1794, 1794, *lv denied* 20 NY3d 1104; *see also Adams*, 53 NY2d at 9-10; *see generally People v Berrios*, 28 NY2d

361, 367).  Indeed, the police searched the apartment pursuant to a waiver that was voluntarily signed by the lessee of that premises, and the bedroom and an adjoining room from which the physical evidence was seized were areas that were accessible to everyone in the apartment. Specifically, the evidence establishes that there was no door to the bedroom, and that the adjacent room at issue was connected to the bedroom by "an open doorway."

Defendant appears to contend that we should also consider whether the police had consent to search the bags found within the rooms at issue.  Although defendant relies on case law containing the well-settled principle that general consent granted by someone other than a defendant to search a premises does not validate the search of something used exclusively by the defendant for personal effects, i.e., a drawer, bag or similar item (*see People v Holmes*, 89 AD3d 1491, 1492; *see also People v Gonzalez*, 88 NY2d 289, 294-295), that reliance is misplaced inasmuch as there is no evidence that the police seized anything from the apartment that was stored inside of a bag. Although the police officer who testified on behalf of the People at the suppression hearing acknowledged that there were bags in the area that was searched, he provided no indication that such bags were opened or that evidence was taken from those bags.  We thus conclude that the People met "the burden of going forward to show the legality of the police conduct in the first instance" (*Berrios*, 28 NY2d at 367 [internal quotation marks and emphasis omitted]), and that defendant otherwise failed to meet his "ultimate burden of proving that the [seized] evidence should not be used against him" (*id.*).

We also reject defendant's contention that the court erred in refusing to suppress evidence of the victim's identification of him. Contrary to defendant's contention, "the subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093, *lv denied* 3 NY3d 646; *see People v Page*, 105 AD3d 1380, 1382).  The fact that defendant is the only person in the photo array wearing a red shirt is of no moment inasmuch as defendant was not the only person shown wearing a dark-colored shirt, defendant was not shown in a shirt similar to the white thermal shirt that he was wearing for a prior showup identification, and shirt color was not a part of the description of the assailant that the victim provided to the police (*see People v Bell*, 19 AD3d 1074, 1075, *lv denied* 5 NY3d 803, 850; *People v Porter*, 2 AD3d 1429, 1430, *lv denied* 2 NY3d 744).  Contrary to defendant's further contention, the fact that the severely injured victim identified defendant in a photo array approximately five days after the victim failed to identify defendant in a showup procedure that was conducted at the hospital where the victim was undergoing treatment is of no consequence here.  " '[M]ultiple pretrial identification procedures are not inherently suggestive' " (*People v Morgan*, 96 AD3d 1418, 1419, *lv denied* 20 NY3d 987; *see People v Peterkin*, 81 AD3d 1358, 1359, *lv denied* 17 NY3d 799) and, in this case, the police officer who testified on behalf of the People indicated that the victim did not remember anything about the showup procedure at the time the victim

identified defendant in the photo array (*cf. People v Thompson*, 17 AD3d 138, 139, *lv denied* 5 NY3d 795; *see generally People v Young*, 261 AD2d 109, 110, *lv denied* 93 NY2d 1007).  Even assuming, arguendo, that the victim remembered the showup identification procedure, we note that the shirt defendant wore during that procedure was a different color than the shirt defendant wore in the picture used in the photo array (*cf. generally People v Munoz*, 223 AD2d 370, 370, *lv denied* 88 NY2d 990), and there is nothing in the record establishing that the photo array was tainted by the showup procedure (*cf. People v Anderson*, 94 AD3d 1010, 1011, *lv denied* 19 NY3d 956, *reconsideration denied* 19 NY3d 1101).  We have reviewed defendant's remaining contention and conclude that it is without merit.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court