Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered January 7, 2011, convicting him of robbery in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The hearing court properly declined to suppress the proffered identification testimony. “A photographic display is suggestive when some characteristic of one picture draws the viewer’s attention to it, indicating that the police have made a particular selection” (People v Miller, 33 AD3d 728, 728-729 [2006]). Contrary to the defendant’s contention, the subjects depicted in the array were sufficiently similar in appearance, and there was no substantial likelihood that the defendant would be singled out for identification.
Upon consideration of the factors in People v Taranovich (37 NY2d 442, 445 [1975]), we find that the defendant was not deprived of his constitutional right to a speedy trial. Further, by pleading guilty, the defendant forfeited his claim that his statutory right to a speedy trial was violated (see People v O’Brien, 56 NY2d 1009 [1982]; People v Burke, 90 AD3d 1246 [2011]; People v Douglas, 46 AD3d 698 [2007]).
The defendant’s contention that his plea was not voluntary is unpreserved for appellate review because he did not seek to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Bevins, 27 AD3d 572 [2006]). In any event, the defendant’s plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Garcia, 92 NY2d 869 [1998]; People v Grant, 61 AD3d 177 [2009]).
*734 The defendant’s remaining contentions are without merit. Mastro, J.E, Lott, Austin and Roman, JJ., concur.