Appeals by the defendant from two judgments of the County-Court, Orange County (Berry, J.), both rendered January 24, 2011, convicting him of burglary in the second degree under indictment No. 2010-694, and burglary in the second degree under superior court information No. 2010-764, upon his pleas of guilty, and imposing sentences.
Ordered that the judgments are affirmed.
On the day the defendant pleaded guilty, the County Court told him that a condition of the plea agreement was that he waive his right to appeal. However, the County Court did not explain the right to appeal until the date the defendant was sentenced, almost two months after the defendant pleaded guilty, and only after the sentences were actually pronounced. In addition, the defendant’s written waiver of the right to appeal was executed after the pronouncement of the sentences. These circumstances do not establish that the defendant knowingly, voluntarily, and intelligently agreed to waive his right to appeal as a condition of his pleas of guilty (see People v Gil, 109 AD3d 484 [2013]). Accordingly, the appeal waiver may not be enforced (see id. at 485; see also People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]).
Contrary to the defendant’s contention, the record shows that he entered a valid waiver of indictment, and freely and voluntarily consented to prosecution by superior court information (see People v Mays, 84 AD3d 1269 [2011]; People v McKenzie, 51 AD3d 823 [2008]).
The defendant’s contention that the County Court failed to conduct a hearing to determine the amount of restitution imposed is unpreserved for appellate review, since the defendant failed to request a hearing or otherwise challenge the amount of restitution imposed at sentencing (see People v Sanchez, 103 AD3d 819, 820 [2013]; People v Baxter, 102 AD3d 805, 806 [2013]), and we decline to review it in the exercise of our interest of justice jurisdiction (see People v Fields, 101 AD3d 1043 [2012]; People v Haylett, 100 AD3d 774 [2012]).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.E, Skelos, Chambers and Hall, JJ., concur.