■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH REDDING, Appellant. [17 NYS3d 495]—

Appeals by the defendant (1) from a judgment of the County Court, Westchester County (Hubert, J.), rendered February 24, 2012, convicting him of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, assault in the second degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Zambelli, J.), dated March 26, 2014, which denied his motion pursuant to CPL 440.10 to vacate the judgment rendered February 24, 2012. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's contention, the County Court properly denied those branches of his omnibus motion which were to suppress the identification testimony of four witnesses who identified him after viewing photo packets. "A photographic array is suggestive where some characteristic of an individual's picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Curtis*, 71 AD3d 1044, 1045 [2010]; *see People v Wright*, 297 AD2d 391, 391 [2002]). Here, the various persons depicted in the photo packets used in the pretrial identification procedures were sufficiently similar in appearance to the defendant that there was little likelihood the defendant would be singled out for identification based on particular characteristics (*see People v Curtis*, 71 AD3d at 1045). Although the background of the defendant's photograph was lighter than the backgrounds of the other photographs, and the defendant's photograph was of poorer resolution than the others, those facts were not sufficient to render the photo packets unduly suggestive (*see People v Boria*, 279 AD2d 585, 586 [2001]; *People v Sawyer*, 253 AD2d 501, 501 [1998]; *People v Martin*, 245 AD2d 308 [1997]; *People v Tedesco*, 143 AD2d 155, 156 [1988]). To the extent the defendant argues that suppression was improperly denied because the County Court did not apply the best practices standards of the New York State District Attorneys Association, his contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lago*, 60 AD3d 784, 784 [2009]).

The County Court providently exercised its discretion in

denying, without a hearing, the defendant's motion to admit expert testimony at trial on the issue of the reliability of eyewitness identifications, since there was sufficient corroborating evidence connecting the defendant to the crimes to obviate the need for expert testimony (*see People v Granger*, 122 AD3d 940, 941 [2014]; *People v Rhodes*, 115 AD3d 681, 682 [2014]; *People v Rodriguez*, 98 AD3d 530, 532 [2012]; *People v Fernandez*, 78 AD3d 726, 726-727 [2010]).

Contrary to the defendant's contention, he has not demonstrated that his trial counsel was ineffective under either federal or state constitutional standards (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Caban*, 5 NY3d 143 [2005]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Bonds*, 128 AD3d 1083 [2015]).

Lastly, the County Court properly denied the defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10. The court properly determined that there was no merit to the defendant's contention that the People committed certain *Brady* violations (*see Brady v Maryland*, 373 US 83 [1963]), since the evidence at issue was either not *Brady* material (*see People v McClain*, 53 AD3d 556 [2008]; *People v Singh*, 5 AD3d 403, 403-404 [2004]) or not exculpatory. The defendant's remaining contentions in connection with the motion either are not properly before this Court (*see* CPL 440.10 [2] [b]; *People v Johnson*, 205 AD2d 707, 708 [1994]), are without merit, or have been rendered academic in light of our determination. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.