▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAN GUTIERREZ, Appellant. [19 NYS3d 760]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered September 6, 2013, convicting him of assault in the first degree, aggravated driving while intoxicated, and leaving the scene of an accident, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Leon H. Tracy for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Matthew W. Brissenden, 666 Old Country Road, Suite 501, Garden City, N.Y., 11530 is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 8, 2015, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, includ-

ing, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (*see generally People v Brown*, 122 AD3d 133, 141 [2014]; *People v Nugent*, 109 AD3d 625 [2013]; *People v Gheradi*, 68 AD3d 892, 893 [2009]) and, if such waiver is found to be invalid, whether the sentence imposed was excessive (*see generally People v Suitte*, 90 AD2d 80 [1982]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.