■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUNBAR III, Appellant. [20 NYS3d 656]—

Appeals by the defendant from two judgments of the County

Court, Orange County (Berry, J.), both rendered December 7, 2011, convicting him of robbery in the first degree under indictment No. 11-00046 and robbery in the first degree under indictment No. 11-00233, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (*see People v Finnegan*, 112 AD3d 847 [2013]; *People v Gil*, 109 AD3d 484 [2013]).

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. "A photographic array is suggestive where some characteristic of an individual's picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Curtis*, 71 AD3d 1044, 1045 [2010]; *see People v Wright*, 297 AD2d 391, 391 [2002]). Here, the various persons depicted in the photo arrays were sufficiently similar in appearance to the defendant, and there was little likelihood that the defendant would be singled out for identification based on particular characteristics (*see People v Curtis*, 71 AD3d at 1044). Furthermore, contrary to the defendant's contention, the fact that he was placed in position number four in the photo arrays and, approximately two months later, was placed in position number four in a corporeal lineup, was not so suggestive as to create a substantial likelihood that he would be misidentified (*see People v Weay*, 2 AD3d 468 [2003]; *People v Munoz*, 223 AD2d 370 [1996]). The defendant's contention that the corporeal lineup was conducted with individuals who did not look sufficiently similar to him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Martin*, 116 AD3d 981, 982 [2014]) and, in any event, without merit.

The defendant's contention, raised in point II of his brief, is unpreserved for appellate review and, in any event, without merit. The defendant's remaining contention, raised in point III of his brief, is forfeited by his pleas of guilty. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.