This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 12
The People &c.,
          Respondent,
        v.
Raymond Leach,
          Appellant.

          Steven A. Feldman, for appellant.
          Elizabeth L. Schulz, for respondent.

MEMORANDUM:

          The order of the Appellate Division should be affirmed.

          Regardless of the validity of defendant's appeal waiver, his challenge to the voluntariness of his guilty plea is unpreserved for appellate review (see People v Peque, 22 NY3d 168, 182 [2013]).  Contrary to defendant's contention, the narrow

- 1 -

exception to the preservation requirement does not apply in this case (see People v Lopez, 71 NY2d 662, 666 [1988]).

People v Raymond Leach

No. 12

RIVERA, J.(concurring):

I concur in the result, but write separately to address the invalidity of defendant's post-plea waiver, obtained at defendant's post-plea, non-contemporaneous sentencing proceeding. The issue is preserved, and the propriety of these types of waivers is likely to evade our review, when, as here, a defendant challenges the severity of a sentence in the Appellate Division, but completes the sentence prior to a decision from this Court. The fact that the Appellate Division previously rejected waivers obtained in the course of this same sentencing procedure, but found defendant's waiver valid in this case makes plain the confusion surrounding the possible effect of a court's post-plea explanation of a defendant's appellate rights on the validity of the waiver.

A "waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006]. "An appellate waiver meets this standard when a defendant has 'a full appreciation of the consequences' of such waiver" (People v Bradshaw, 18 NY3d 257, 264 [2011], quoting People v Seaberg, 74 NY2d 1, 11 [1989]). As the Court has made

- 1 -

clear, "[t]he record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty--the right to remain silent, the right to confront one's accusers and the right to a jury trial" (Lopez, 6 NY3d at 256). Therefore, a waiver is ineffective where the court mischaracterizes the nature of the right to appeal (People v Billingslea, 6 NY3d 248, 257 [2006] [decided with People v Lopez]), commingles appellate rights with rights that survive a plea (Lopez, 6 NY3d at 256), and engages in a colloquy consisting of a one-word response to whether the defendant understood the conditions of the plea (id. at 257; People v Ramos, 7 NY3d 737 [2006]), or where defendant, notwithstanding a written waiver, "never orally confirmed that [defendant] grasped the concept of the appeal waiver and the nature of the right [defendant] was forgoing" (compare Bradshaw, 18 NY3d at 261, and People v Desimone, 80 NY2d 273, 283 [1992], with Ramos, 7 NY3d 737).

Here, the record fails to establish defendant made a knowing, intelligent, and voluntary waiver of his appellate rights because during the plea colloquy the court made but two passing references to the waiver of the right to appeal, neither of which distinguished his appellate rights in a manner sufficient to establish his "full appreciation of the consequences" of relinquishing his right to appeal (Bradshaw, 18 NY3d at 265). After explaining the rights forfeited by the plea,

the court informed defendant that the sentence agreed to was contingent upon defendant "keep[ing] promises to the Court and the People," specifically that between the plea and sentencing dates, defendant not violate the law or get arrested, cooperate with probation during the presentence investigation, and that he return as scheduled for sentencing. In the context of this explanation about the post-plea requirements, the court told defendant "you must waive and give up your right to appeal." The court then asked as a general matter whether the defendant understood the "plea promise," to which defendant responded "yes." After further colloquy, which confirmed defendant was pleading guilty to the charges and understood he was giving up his trial rights, the court asked if defendant had spoken with his attorney "about the facts of this case, your plea of guilty, the charge you're pleading guilty to, your waiver of right to appeal, the possible sentence that could be imposed upon you, any legal defenses you have to the charges . . . ." Defendant replied in the affirmative.

The court's "fleeting references" to the right to appeal at the plea hearing, bundled with the post-plea conditions imposed by the court and its questions regarding defendant's discussions with counsel about all matters of importance to the case, was inadequate to ensure a reviewing court that "defendant comprehended the nature of the waiver of appellate rights" (see Lopez, 6 NY3d at 256; Bradshaw, 18 NY3d at 261 [the court "made

fleeting references to defendant's appeal waiver"]).

Nevertheless, the People argue that defendant's waiver is knowing, intelligent, and voluntary because the court explained defendant's right to appeal during the sentencing procedure. According to the record, at the sentencing hearing held a month after defendant pleaded guilty, after pronouncing sentence the court directed the Court Clerk to read defendant his right to appeal, and defendant signed a written waiver. Only then did the court proceed to explain defendant's appellate rights and inquire as to whether he understood those rights. Contrary to the People's position, under our law, a post-plea colloquy at a sentencing hearing, conducted after defendant has considered the options presented and chosen to plead guilty based on an understanding of the avenues available to the defendant, cannot serve as record-basis for establishing the validity of the waiver of the right to appeal.

"It is the trial court's responsibility 'in the first instance,' to determine 'whether a particular [appellate] waiver satisfies these requirements' " (Bradshaw, 18 NY3d at 264, quoting People v Callahan, 80 NY2d 273, 280 [1992] [alteration in original]). In order for a trial court's inquiry to be meaningful, by logic and reason, it must be part of the colloquy in which a court engages prior to accepting a defendant's plea (id. at 265). It would make little sense, and serve only to encourage the filing of a motion to vacate the plea on the ground

that defendant did not appreciate the consequences of the waiver, if a court confirmed, after-the-fact, whether the defendant understood the nature of the rights relinquished. Thus, a court complies with its obligation to ensure that the waiver is knowing, intelligent, and voluntary, when a court adequately explains to defendant the "separate and distinct" right to appeal (Lopez, 6 NY3d at 256), and "at least prior to the completion of the plea proceeding, [the court] assure[s] itself that defendant adequately understood the right that [defendant] was forgoing" (Bradshaw, 18 NY3d at 255). Here, the court's explanation at sentencing came too late to satisfy the court's obligations. While the content of the court's advisement was correct, its timing deprived defendant of the right to know and consider all the terms of the plea bargain prior to his decision to plead guilty.

Notably, the Appellate Division, Second Department, in a recent line of cases has held invalid waivers made during this same type of sentencing proceeding (People v Gil, 109 AD3d 484, 484 [2d Dept 2013] [court did not explain the right to appeal "until the date the defendant was sentenced, more than a month after the defendant pleaded guilty, and only after the sentence was actually pronounced"]; People v Finnegan, 112 AD3d 847 [2d Dept 2013] [same]; see also People v Ingram, 118 AD3d 722 [2d Dept 2014] [the People conceded that the defendant's waiver of right to appeal was invalid], citing Finnegan, 112 AD3d 847, Gil,

109 AD3d 484; <u>People v Crosby</u>, 131 AD3d 1179 [2d Dept 2015] [waiver invalid, and reviewed, on the merits, defendant's excessive sentence claim], citing <u>Finnegan</u>, 112 AD3d 847, <u>Gil</u>, 109 AD3d 484; <u>People v Dunbar</u>, 134 AD3d 851 [2d Dept 2015] [waiver invalid], citing <u>Finnegan</u>, 112 AD3d 847, <u>Gil</u>, 109 AD3d 484). That conclusion is a correct application of our case law. However, to the extent the Appellate Division's determination that defendant's waiver was valid may be based, not on the record made at the sentencing hearing, but on the plea proceeding colloquy, the court's conclusion was incorrect for the reasons I have stated.

Although the waiver was invalid, defendant's sole claim raised on appeal to this Court is, for the reasons stated by the majority, unpreserved. Therefore, the Appellate Division should be affirmed.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, in a memorandum. Judges Pigott, Abdus-Salaam, Stein and Fahey concur. Judge Rivera concurs in result in a separate concurring opinion. Chief Judge DiFiore and Judge Garcia took no part.

Decided February 23, 2016