The People of the State of New York, Respondent,
against
Adler Clermont, Appellant.




Law Office of Robert DiDio (Danielle Muscatello of counsel), for appellant.
 Nassau County District Attorney (Daniel Bresnahan of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Susan T. Kluewer, J.), rendered August 3, 2015. The judgment convicted defendant, upon his plea of guilty, of petit larceny.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with grand larceny in the third degree (Penal Law § 155.35 [1]). On June 4, 2015, defendant pleaded guilty to the reduced charge of petit larceny (Penal Law § 155.25), in satisfaction of three separate dockets that were before the District Court, and, on August 3, 2015, he was sentenced to six months in jail. On appeal, defendant contends that the waiver of his right to appeal is unenforceable and that the plea allocution was defective.
We note, as a threshold matter, that a defendant may waive the right to appeal as a condition of a guilty plea (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 10 [1989]; People v Brown, 122 AD3d 133 [2014]). Generally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to "the very heart of the process" (Lopez, 6 NY3d at 255; see People v Pacherille, 25 NY3d 1021, 1023 [2015]). However, a waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily, which occurs when a [*2]defendant has a full appreciation of the consequences of the waiver (see People v Bradshaw, 18 NY3d 257, 264 [2011]; Lopez, 6 NY3d at 256; Brown, 122 AD3d at 136) and of the fact that this waiver is separate and distinct from those trial rights automatically forfeited upon a plea of guilty (see People v Leach, 26 NY3d 1154 [2016]; Lopez, 6 NY3d at 256). Here, as conceded by the People, defendant's waiver of his right to appeal was ineffective since the record failed to establish that he understood that the right to appeal was separate and distinct from his trial rights, which were automatically forfeited upon his plea of guilty (cf. People v Bryant, 28 NY3d 1094 [2016]). Thus, since defendant did not have a full appreciation of the consequences of this waiver, it cannot be considered to have been made knowingly, intelligently and voluntarily. He is, therefore, not precluded from bringing this appeal.
Nonetheless, by failing to move in the District Court either to withdraw his guilty plea (see CPL 220.60 [3]) or to vacate the judgment of conviction (see CPL 440.10), defendant failed to preserve the issues now raised on appeal pertaining to the validity of his plea (see People v Williams, 27 NY3d 212 [2016]; Leach, 26 NY3d at 1154). As defendant was sentenced almost two months after he had entered his plea of guilty and, upon a review of the record, we find no suggestion from the allocution that the guilty plea was improvident or baseless since nothing said during the allocution cast significant doubt upon defendant's guilt, negated an essential element of the crime, or called into question the voluntariness of the plea, the narrow exceptions to the preservation requirement do not apply here (see People v Conceicao, 26 NY3d 375 [2015]; People v Lopez, 71 NY2d 662, 666 [1988]; cf. People v Louree, 8 NY3d 541 [2007]). We decline to review these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]). 
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 01, 2018