People v Thomas (2018 NY Slip Op 05706)





People v Thomas


2018 NY Slip Op 05706


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-12014
 (Ind. No. 15-00852)

[*1]The People of the State of New York, respondent,
v
Michael Thomas, also known as Laquan Smith, appellant.


Clinton W. Calhoun III, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered October 14, 2016, convicting him of robbery in the first degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), and attempted robbery in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant was arrested for an attempted robbery in which he brandished a knife, and a separate robbery in which the victim was stabbed. The victim of the attempted robbery identified the defendant in a showup procedure approximately three hours after the attempted robbery. The victim who was stabbed during the robbery identified the defendant from a photographic array which was shown to the victim in the hospital. The defendant was charged with, inter alia, robbery in the first degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), and attempted robbery in the first degree. The defendant moved, inter alia, to suppress both identifications. After a hearing, the County Court denied those branches of the motion.
" The due-process inquiry for showups calls upon the suppression court to decide whether the showup was reasonable under the circumstances—i.e., justified by exigency or temporal and spatial proximity—and, if so, whether the showup as conducted was unduly suggestive'" (People v Cedeno, 27 NY3d 110, 123, quoting People v Gilford, 16 NY3d 864, 868; see People v Brisco, 99 NY2d 596, 597; People v Duuvon, 77 NY2d 541, 543). "Whether a showup is reasonable under the circumstances and/or unduly suggestive are mixed questions of law and fact" (People v Gilford, 16 NY3d at 868; see People v Cedeno, 27 NY3d at 123; People v Brisco, 99 NY2d at 597). There is no bright-light rule for determining whether the temporal proximity of a showup identification is adequate (see People v Howard, 22 NY3d 388, 402).
The record here contains no evidence demonstrating that the showup identification procedure was unduly suggestive. Moreover, the identification occurred within approximately three hours of the incident as part of an ongoing police investigation (see People v Howard, 22 NY3d at 402). Under the circumstances presented, we agree with the County Court that the showup identification procedure was not unduly suggestive.
"In determining whether a photographic array was unduly suggestive the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification" (People v Burroughs, 98 AD3d 583, 583 [internal quotation marks omitted]; see People v Chipp, 75 NY2d 327, 336; People v Dunlap, 9 AD3d 434, 435). "A photographic display is suggestive when some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (People v Cantoni, 112 AD3d 733, 733 [internal quotation marks omitted]; see People v Redding, 132 AD3d 700, 700; People v Ortiz, 84 AD3d 839, 840; People v Russell, 58 AD3d 759, 760; People v Miller, 33 AD3d 728, 728-729; People v Dunlap, 9 AD3d at 435).
Here, the facts that the defendant's photograph was cropped closer than the other photographs included in the array and that he was wearing an orange shirt were not, in themselves, enough to establish that the photographic array was unduly suggestive (see People v Redding, 132 AD3d at 700; People v Plumley, 111 AD3d 1418, 1420; People v Miller, 33 AD3d at 728-729; People v Sullivan, 300 AD2d 689, 690). The People further established that the persons depicted in the other photographs were sufficiently similar in appearance to the defendant through the testimony of a detective who explained that he had prepared the array by entering information about the defendant's appearance into a computer program and then selecting from the results (see People v Busano, 141 AD3d 538, 540-541; People v Allen, 118 AD3d 902, 903; People v Lago, 60 AD3d 784). Under these circumstances, we agree with the County Court that the defendant failed to meet his burden of demonstrating that the photographic array was unduly suggestive (see People v Redding, 132 AD3d at 700; People v Plumley, 111 AD3d at 1420; People v Miller, 33 AD3d at 728; People v Sullivan, 300 AD2d at 690).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit (see CPL 320.20[5]; People v Kurkowski, 83 AD3d 1595, 1596; People v Staples, 19 AD3d 1096, 1097; People v Peterkin, 195 AD2d 1015, 1016; People v Kloska, 191 AD2d 587, 588; People v Jackson, 166 AD2d 356; People v Hampton 124 AD2d 675, 676).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court