People v Seck (2018 NY Slip Op 08511)





People v Seck


2018 NY Slip Op 08511


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2015-05213
 (Ind. No. 32/14)

[*1]The People of the State of New York, respondent,
v
Abdourahman Seck, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Stephen J. Rooney, J.), imposed May 22, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Initially, the People's contention that the defendant's appeal must be dismissed pursuant to CPL 450.10(1) is without merit (see People v Pollenz, 67 NY2d 264; see also People v Swen, 164 AD3d 926).
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264). A waiver is ineffective where "the court mischaracterizes the nature of the right to appeal, commingles appellate rights with rights that survive a plea, and engages in a colloquy consisting of a one-word response to whether the defendant understood the conditions of the plea, or where defendant, notwithstanding a written waiver, never orally confirmed that defendant grasped the concept of the appeal waiver and the nature of the right defendant was forgoing" (People v Leach, 26 NY3d 1154, 1155 [Rivera, J., concurring] [citations, internal quotation marks, and brackets omitted]; see People v Bradshaw, 18 NY3d at 266-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 256-257).
Here, although the Supreme Court stated that the waiver of the right to appeal was a separate and distinct issue, the court did not explain the nature of the right to appeal, and instead improperly relied upon defense counsel's statement that he explained a written waiver to the defendant. The defendant himself did not acknowledge that his attorney explained the written waiver to him, but indicated that he conducted his own research. When asked by the court whether he read the written waiver, the defendant responded, "Real quick." Thus, the record does not evince that the defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Bradshaw, 18 NY3d at 264; People v Lopez, 6 NY3d at 256; see also People v Marrero, 153 AD3d 1364; People v Plair, 119 AD3d 877). Since the defendant's purported waiver of his right to appeal was invalid, it does not preclude review of his excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court