Matter of Jamir T. (2019 NY Slip Op 01078)





Matter of Jamir T.


2019 NY Slip Op 01078


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02051
 (Docket No. D-11528-17)

[*1]In the Matter of Jamir T. (Anonymous), appellant.


Mary Jean Howland, Tuckahoe, NY, attorney for the child, the appellant, Jamir T.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Jamir T. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (M. A. Scattaretico Naber, J.), entered January 16, 2018. The order, insofar as appealed from, after a fact-finding hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree, and adjudicated the appellant a juvenile delinquent. The appeal brings up for review the denial, after a hearing, of that branch of Jamir T.'s omnibus motion which was to suppress identification testimony.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On September 14, 2017, the appellant was arrested for stabbing the then 18-year-old complainant. While at the hospital, the complainant identified the appellant from a photographic array. The appellant was then charged in a juvenile delinquency petition with committing acts which, if committed by an adult, would have constituted the crimes of, inter alia, attempted assault in the first and second degrees, and criminal possession of stolen property in the fifth degree. The appellant moved, inter alia, to suppress the identification testimony. The Family Court, after a hearing, denied that branch of his motion. After the fact-finding hearing, the court found that the presentment agency proved beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree.
In determining whether a photographic array was unduly suggestive, the standard to be considered is whether the identification procedure was constructed in a manner such that there was a substantial risk that the defendant was "singled out for identification" (People v Chipp, 75 NY2d 327, 336; see People v Staton, 138 AD3d 1149, 1149, affd 28 NY3d 1160; People v Burroughs, 98 AD3d 583, 583). " A photographic array is suggestive where some characteristic of an individual's picture draws the viewer's attention to it, indicating that the police have made a particular selection'" (People v Dunbar, 134 AD3d 851, 852, quoting People v Curtis, 71 AD3d 1044, 1045; see People v Redding, 132 AD3d 700, 700).
Here, although the appellant was the only person in the photographic array wearing a coat and with his hair pulled back, these facts were insufficient to establish that the photographic [*2]array was unduly suggestive (see People v Thomas, 164 AD3d 619, 621; People v Plumley, 111 AD3d 1418, 1420). The presentment agency established, through the testimony of a police officer and an agency staff member, that the persons in the five other photographs were sufficiently similar in appearance to the appellant. The officer explained that she had prepared the array by entering information about the appellant's appearance into a computer program and selecting from the results (see People v Thomas, 164 AD3d at 621; People v Busano, 141 AD3d 538, 540-541; People v Allen, 118 AD3d 902, 903). Accordingly, we agree with the Family Court's determination that the photographic array was not unduly suggestive.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Aaliyah R., 144 AD3d 923, 924; Matter of Danielle B., 94 AD3d 757, 758). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree was not against the weight of the evidence.
The appellant's contention that he was deprived of a fair trial because the Family Court took on the function of an advocate by excessively intervening in the fact-finding hearing is unpreserved for appellate review (see People v Charleston, 56 NY2d 886, 887) and, in any event, without merit (see People v Jimenez, 148 AD3d 1054, 1055; People v Melendez, 31 AD3d 186, 197).
The appellant's remaining contention is without merit.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court