The People of the State of New York, Respondent,
against
Craig Arscott, Appellant.




John P. Savoca, for appellant.
Westchester County District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Walter Rivera, J., at plea; Bonnie L. Orden J., at sentencing), rendered August 4, 2017. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in five separate accusatory instruments with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), operating a motor vehicle while his registration was suspended (Vehicle and Traffic Law § 512), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and unlawful
possession of marihuana (Penal Law § 221.05), respectively. On January 31, 2017, defendant agreed to plead guilty to the charge of aggravated unlicensed operation of a motor vehicle in the second degree in full satisfaction of all five accusatory instruments and in exchange for the promised sentence of two years' probation and a fine in the amount of $500. Prior to pleading [*2]guilty, defendant, along with his attorney and the prosecutor, executed a misdemeanor conviction waiver of rights form and an appeal waiver. At the sentencing proceeding, conducted on August 4, 2017, defendant orally requested that the court sentence him to a short term of imprisonment as opposed to the promised sentence of two years' probation. Although the People initially did not object to this request, the Justice Court sentenced defendant, as promised, to two years' probation and to pay a fine in the amount of $500, noting that, by his request, defendant was merely seeking to avoid drug and alcohol testing, which, the court felt, defendant needed based on his prior testing results and on his role as the primary caretaker of his children. On appeal, defendant contends that he did not enter into his guilty plea knowingly, voluntarily, and intelligently, since he was not informed of any of the constitutional rights that he was waiving by pleading guilty. He further argues that the Justice Court abused its sentencing discretion when rejecting his request for a substituted jail sentence.
A defendant may waive the right to appeal as a condition of a guilty plea (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 10 [1989]; People v Brown, 122 AD3d 133 [2014]). Generally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to "the very heart of the process" (Lopez, 6 NY3d at 255; see People v Pacherille, 25 NY3d 1021, 1023 [2015]). However, a waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily, which occurs when a defendant has a full appreciation of the consequences of the waiver (see People v Bradshaw, 18 NY3d 257, 264 [2011]; Lopez, 6 NY3d at 256; Brown, 122 AD3d at 136). Therefore, the record must establish that the defendant understood that the right to appeal is separate and distinct from those trial rights automatically forfeited upon a plea of guilty (see People v Leach, 26 NY3d 1154 [2016]; Lopez, 6 NY3d at 256). 
Here, the record demonstrates that the waiver of the right to appeal form executed by defendant, his attorney, and the prosecutor, sufficiently parsed out defendant's appellate rights from the trial rights that he was automatically forfeiting by pleading guilty. Moreover, the form explained that the right to appeal meant that defendant could argue issues pertaining to his conviction and sentence, such as those now raised on appeal, to a higher court. However, the form notified defendant that, in exchange for, and as a condition of, his guilty plea, he was freely and voluntarily waiving his right to appeal and that, by signing it and agreeing to its terms, he understood that his conviction and sentence would become final and, as a result, would not be reviewed by a higher court. Defendant indicated on the waiver form that he had fully discussed the waiver with his attorney, that he had read the form, and that he had no further questions. Additionally, during voir dire, defendant confirmed that he had reviewed the waiver form with his attorney before signing it, that he understood its content, and that he still wished to plead guilty in a knowing and voluntary manner. Thus, the record demonstrates that defendant had a full appreciation of the consequences of executing the waiver of his right to appeal and that, therefore, the waiver was entered into knowingly, intelligently and voluntarily. As a result, the waiver of defendant's right to appeal was valid and the issues pertaining to sentencing that defendant now raises on appeal are foreclosed from review by this court based upon his waiver of his right to appeal. 
However, defendant's contention pertaining to the voluntariness of his guilty plea is a claim which survives a valid waiver of the right to appeal as it involves a right of constitutional dimension going to "the very heart of the process" (Lopez, 6 NY3d at 255; see People v Bond, 146 AD3d 1155 [2017]; People v May, 138 AD3d 1146 [2016]; People v Camarda, 138 AD3d 884 [2016]; People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip Op 50755[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Nevertheless, by failing to move in the Justice Court either to withdraw his guilty plea (see CPL 220.60 [3]) or to vacate the judgment of conviction (see CPL 440.10), defendant failed to preserve the issues now raised on appeal pertaining to the validity of his plea (see People v Williams, 27 NY3d 212 [2016]; People v Leach, 26 NY3d 1154 [2016]; People v Clermont, 58 Misc 3d 152[A], 2018 NY Slip Op 50144[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). As defendant was sentenced six months after he had entered his plea of guilty, and as we find no suggestion from the allocution that the guilty plea was improvident or baseless, since nothing said during the allocution cast significant doubt upon defendant's guilt, negated an essential element of the crime, or called into question the voluntariness of the plea, the narrow exceptions to the preservation requirement do not apply here (see People v Conceicao, 26 NY3d 375 [2015]; People v Louree, 8 NY3d 541 [2007]; People v Lopez, 71 NY2d 662, 666 [1988]). We decline to review these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]). 
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019