■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB C. NUGENT, Appellant. [970 NYS2d 634]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered June 1, 2011, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Batista*, 100 AD3d 650 [2012]). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal. Although the defendant signed a written waiver of his right to appeal, he never orally confirmed that he grasped the concept of the appeal waiver and the nature of the right he was foregoing (*see People v Bradshaw*, 18 NY3d at 267; *cf. People v Ramos*, 7 NY3d 737 [2006]). Under these circumstances, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal.

By pleading guilty, the defendant forfeited his claim that his statutory right to a speedy trial was violated (*see People v Franco*, 104 AD3d 790 [2013]).

The defendant's contention that his plea was not voluntary is unpreserved for appellate review because he did not move to

vacate his plea or otherwise raise this issue before the Supreme Court (*see People v Pryor*, 11 AD3d 565 [2004]). In any event, the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]).

The issue of ineffective assistance of counsel regarding the plea bargaining process generally survives a plea of guilty (*see e.g. People v Gedin*, 46 AD3d 701 [2007]). Here, however, the defendant's contention that he did not receive the effective assistance of counsel is not reviewable because it pertains to matters outside the record (*see People v Miller*, 68 AD3d 1135 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.