■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIREY S. ALLEN, Appellant. [987 NYS2d 445]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered July 25, 2012, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress identification testimony. The evidence adduced at the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) established that the pretrial identification procedures were not unduly suggestive, as the people depicted in the computer-generated photo arrays viewed by the complainant and a witness were sufficiently similar in appearance to the defendant (*see People v Lago*, 60 AD3d 784 [2009]; *People v Howard*, 50 AD3d 823 [2008]).

The Supreme Court also did not err in denying that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials. When the defendant gave what a police officer suspected to be a false name, the officer warned him that giving a false name would result in an additional charge, as required by the false personation statute (*see* Penal Law § 190.23). The defendant then repeated the false name after being given a second warning. The officer's warnings to the defendant did not require *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]). There is no basis for suppressing the defendant's repeated use of a false name. Ascertaining an arrestee's true name is a necessary part of the normal booking process, even if the response may have inculpatory connotations (*see People v Ligon*, 66 AD3d 516, 517 [2009]; *People v McCloud*, 50 AD3d 379, 380 [2008]). The false personation warnings were required by statute and were not reasonably likely to elicit an incriminating response (*see People v Ligon*, 66 AD3d at 517; *People v King*, 247 AD2d 490 [1998]). On the contrary, the defendant had already incriminated himself by giving a false name, and the warnings gave him an opportunity to retract his prior incriminating responses (*see People v Ligon*, 66 AD3d at 517).

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was proper. The court properly weighed the probative value of the defendant's prior offenses against the possible prejudice to the defendant, and reached an appropriate compromise ruling (*see People v Rodriguez*, 51 AD3d 950 [2008]; *People v Grier*, 47 AD3d 729, 730 [2008]).

The defendant's contention that he received ineffective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.