■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL REYES, Appellant. [993 NYS2d 379]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered September 13, 2012, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Coleman*, 116 AD3d 708 [2014]; *People v Nugent*, 109 AD3d 625 [2013]). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal. Although the defendant signed a written waiver of his right to appeal, he never orally confirmed that he grasped the concept of the appeal waiver and the nature of the right he was foregoing (*see People v Bradshaw*, 18 NY3d at 267; *People v Nugent*, 109 AD3d at 625). Accordingly, under these circumstances, it cannot be said that the defendant "voluntarily, knowingly, and intelligently" waived his right to appeal (*see People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Callahan*, 80 NY2d 273, 276 [1992]).

However, there is no merit to the defendant's claim that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence seized in the execution of a search warrant. The defendant contends that the evidence should have been suppressed because it was seized during a search which exceeded the scope of the warrant. The warrant authorized the police to search for specified illegal weapons and ammunition in "all rooms" and "storage areas" of a particular floor of a building, and provided examples of potential "storage areas" that could be searched. Contrary to the defendant's contention, a plain reading of the warrant indicates that the list of potential "storage areas" was not intended to be exhaustive and did not mean that the police were not authorized to search the "black bag" found in one of the rooms. Indeed, "a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found" (*United States v Ross*, 456 US 798, 821 [1982]; *see People v Raucci*, 109 AD3d 109 [2013]).

The defendant's remaining contention is without merit. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.