■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO QUEZADA, Appellant. [997 NYS2d 475]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Mullings, J.), imposed July 12, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of the right to appeal was invalid. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Brown*, 122 AD3d 133, 136 [2d Dept 2014]). Here, although the defendant executed a written waiver of his right to appeal, the defendant's understanding of the appeal waiver is not evident on the face of the record due to the deficiency of the Supreme Court's oral colloquy. Accordingly, under the circumstances of this case, including the defendant's lack of prior experience with the criminal justice system (*see People v Bradshaw*, 18 NY3d at 264-265), the defendant's appeal waiver was invalid (*see People v Brown*, 122 AD3d 133 [2014]; *People v Angelis*, 94 AD3d 902 [2012]), and does not preclude review of his excessive sentence claim.

However, the sentence imposed was not excessive (*see People*

*v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Leventhal, Roman and Duffy, JJ., concur.