■ The People of the State of New York, Respondent, v Thierry Bastien, Appellant. [2 NYS3d 218]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered July 25, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, the defendant's plea of guilty is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The defendant's appeal waiver does not encompass his contention, which arose after he waived his right to appeal, that his conviction of criminal possession of a weapon in the second degree under subdivision (3) of Penal Law § 265.03 violated his plea agreement (*see People v Vancise*, 302 AD2d 864 [2003]; *People v Hoeltzel*, 290 AD2d 587, 588 [2002]; *see also People v Muhammad*, 47 AD3d 951, 952 [2008]).

As the People correctly concede, the defendant's plea agreement included an on-the-record promise, agreed to by the parties and the plea court, that the defendant could plead guilty to criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), which would not subject him to the Gun Offender Registration Act (*see* Administrative Code of City of NY § 10-602 [e]). Although the defendant admitted facts, on the record, sufficient to establish his guilt under both subdivisions (1) (b) and (3) of Penal Law § 265.03, by mere mistake, the defendant pleaded guilty and was convicted under subdivision (3) of that statute, which subjected him to the Gun Offender Registration Act. Under the particular circumstances of this case, the defendant should receive the benefit of his bargain (*see generally People v Monroe*, 21 NY3d 875, 878 [2013] ["when a guilty plea has been induced by an unfulfilled promise either the plea must be vacated or the promise honored" and the choice of remedy is a matter of discretion]; *People v Vinson*, 73 AD3d 590 [2010]; *People v Pagan*, 245 AD2d 533 [1997]). Accordingly, we vacate the defendant's plea of guilty and remit the matter to the Supreme Court, Queens County, to permit the defendant to re-plead to the offense of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), in full satisfaction of the indictment, and for resentencing thereafter, in accordance with his plea agreement.

The defendant's remaining contention has been rendered academic in light of the foregoing. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.