■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE WILLIAMS, Appellant. [14 NYS3d 909]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (DiMango, J.), imposed March 26, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record fails to demonstrate that the defendant understood

"the nature of the right to appeal and the consequences of waiving that right" (*People v Brown*, 122 AD3d 133, 144 [2014]; *see People v Reyes*, 121 AD3d 820, 821 [2014]; *People v Bennett*, 115 AD3d 973, 973 [2014]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]). Although the defendant executed a written waiver of his right to appeal, the Supreme Court's colloquy amounted to nothing more than "a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver or was executing it knowingly and voluntarily" (*People v Brown*, 122 AD3d at 140; *see People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Quezada*, 122 AD3d 948, 948 [2014]; *People v Reyes*, 121 AD3d at 821). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see People v Brown*, 122 AD3d 133 [2014]; *see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d at 255; *People v Hidalgo*, 91 NY2d 733, 735 [1998]). Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Hall, Miller and LaSalle, JJ., concur.