■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN CHAVEZ, Appellant. [18 NYS3d 556]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Walsh, J.), imposed July 31, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from

exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood "the nature of the right to appeal and the consequences of waiving [that right]" (*People v Brown*, 122 AD3d 133, 144 [2014]; *see People v Williams*, 131 AD3d 627 [2015]; *People v Reyes*, 121 AD3d 820, 821 [2014]). Although the record reflects that the defendant signed a written waiver of his right to appeal, the defendant's understanding of the appeal waiver is not evident on the face of the record inasmuch as the Supreme Court failed to engage in any "on-the-record discussion with the defendant regarding the waiver of his . . . right to appeal" (*People v Brown*, 122 AD3d at 140; *see People v Cantarero*, 123 AD3d 841 [2014]; *People v Quezada*, 122 AD3d 948, 948 [2014]; *People v Reyes*, 121 AD3d at 821).

Nevertheless, contrary to the defendant's contention, the periods of postrelease supervision imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Sgroi, Miller and Barros, JJ., concur.