■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDA BURNETT-HICKS, Appellant. [19 NYS3d 181]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed December 15, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of her right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (*see People v George*, 131 AD3d 623 [2015]; *People v Bennett*, 115 AD3d 973, 973 [2014]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]; *People v Mayo*, 77 AD3d 683, 683-684 [2010]; *People v Olivier*, 48 AD3d 486, 486 [2008]; *cf. People v Sanders*, 25 NY3d 337, 341 [2015]). Although the defendant executed a written waiver of her right to appeal, the Supreme Court's colloquy amounted to nothing more than "a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver or was executing it knowingly and voluntarily" (*People v Brown*, 122 AD3d 133, 140 [2014]; *see People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Quezada*, 122 AD3d 948, 948 [2014]; *People v Reyes*, 121 AD3d 820, 821 [2014]). Under the circumstances here, we conclude that the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (*see People v Brown*, 122 AD3d 133 [2014]; *see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d at 255; *People v Hidalgo*, 91 NY2d 733, 735 [1998]).

Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Sgroi and Miller, JJ., concur.