■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA K. ARGILAGOS, Appellant. [25 NYS3d 613]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed May 24, 2013, upon her plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of her right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Chavez*, 133 AD3d 611 [2015]; *People v Quezada*, 122 AD3d 948 [2014]; *People v Brown*, 122 AD3d 133 [2014]). The record does not demonstrate that she understood " 'the nature of the right to appeal and the consequences of waiving it' " (*People v Cantarero*, 123 AD3d 841, 842 [2014], quoting *People v Brown*, 122 AD3d at 140; *see People v Quezada*, 122 AD3d 948 [2014]). Therefore, notwithstanding the defendant's execution of the written waiver form, it cannot be said that she knowingly, voluntarily, and intelligently waived her right to appeal (*see People v Brown*, 122 AD3d at 145-146).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Sgroi, Hinds-Radix and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON BRUZZO, Appellant. [25 NYS3d 611]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Mullings, J.), imposed May 24, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v DeSimone*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Hall, Cohen and Maltese, JJ., concur.