■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON W. CARLOS, Appellant. [32 NYS3d 598]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 3, 2012, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

At a suppression hearing, New York State Trooper Moore testified that on July 26, 2011, his dispatcher received a call from a loss prevention employee of a Walmart store, who said that there were two people in the store attempting to buy merchandise with fraudulent credit cards. Moore and his

partner, State Trooper Kelly, drove to the store. While they were en route, the dispatcher relayed to them that the two individuals were seen leaving the store in a dark-colored Chevrolet TrailBlazer. As the troopers entered the Walmart parking lot, Moore observed a dark-colored Chevrolet Trail-Blazer leaving the lot. Moore and Kelly then turned around and pulled over the TrailBlazer.

Kelly testified at the suppression hearing that he spoke to the front seat passenger, whom he identified as the defendant. The defendant provided Kelly with a Connecticut nondriver identification card with the name Jarmel Gilthris on it. Kelly informed the defendant that if he was using a fake name, the police would discover this after taking his fingerprints at the police station. The defendant then revealed that his real name was Milton W. Carlos.

At the conclusion of the hearing, the County Court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. The defendant was later convicted, upon his plea of guilty, of criminal possession of a forged instrument in the second degree. The defendant appeals.

Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Argilagos*, 136 AD3d 1050 [2016]; *People v Brown*, 122 AD3d 133, 140 [2014]).

Contrary to the defendant's contention, the County Court properly denied those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. "The police have the right to stop a citizen and inquire of him [or her] if they have reasonable suspicion that criminal activity is afoot. And this is so . . . even if the information prompting the inquiry is unsubstantiated hearsay" (*People v Landy*, 59 NY2d 369, 376 [1983] [citations omitted]). Here, the police had reasonable suspicion to stop the vehicle in which the defendant was a passenger on the basis of the information they received from police radio transmissions (*see People v Cruz*, 137 AD3d 1158, 1159 [2016]; *People v Ceruti*, 133 AD3d 610, 611 [2015]; *People v Currie*, 131 AD3d 1265, 1265 [2015]). Further, contrary to the defendant's contention, Kelly's warning to him that the police would discover his true name if he had given a false one did not require *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]). Kelly's warn-

ing was not reasonably likely to elicit an incriminating response (*see People v Paulman*, 5 NY3d 122, 129 [2005]). To the contrary, the defendant had already incriminated himself, and the warning gave him an opportunity to retract his prior incriminating response (*see People v Allen*, 118 AD3d 902, 903 [2014]; *People v Ligon*, 66 AD3d 516, 517 [2009]). Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.