■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THIERRY BASTIEN, Appellant. [37 NYS3d 910]—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Queens County (Leach, J.), imposed April 28, 2015, upon his plea of guilty, after remittitur from this Court (*see People v Bastien*, 124 AD3d 907, 908 [2015]), on the ground that the resentence was excessive.

Ordered that the resentence is affirmed.

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the resentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Lopez*, 6 NY3d 248, 255 [2006]). Eng, P.J., Austin, Roman, Maltese and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BYNUM, Appellant. [37 NYS3d 904]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed July 17, 2015, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The record of the plea proceeding is inadequate to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, and thus, the purported waiver of his right to appeal is not enforceable (*see People v Matos*, 102 AD3d 890, 891 [2013]). Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Dickerson, Hinds-Radix and Barros, JJ., concur.