■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODYSSEY HEAD, Appellant. [47 NYS3d 713]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed May 6, 2015, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The record of the plea proceeding did not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, and, thus, as the People correctly concede, the purported waiver of the defendant's right to appeal is not enforceable (*see People v Bynum*, 142 AD3d 1183 [2016]; *People v Burnett-Hicks*, 133 AD3d 773 [2015]). Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Sgroi, Cohen and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. HOFMANN, Appellant. [46 NYS3d 899]—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Dutchess County (Forman, J.), imposed December 1, 2015, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, on the ground, inter alia, that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant's contention that the sentence he received pursuant to the plea agreement constituted cruel and unusual punishment is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gil*, 109 AD3d 484, 485 [2013]) and, in any event, without merit (*see People v Jones*, 39 NY2d 694, 697 [1976]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Chambers, J.P., Hall, Maltese and Barros, JJ., concur.