People v Johnson (2018 NY Slip Op 00567)





People v Johnson


2018 NY Slip Op 00567


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-12002
 (Ind. No. 6516/15)

[*1]The People of the State of New York, respondent,
v
Anthony Johnson, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed November 16, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant was convicted of criminal possession of a weapon in the third degree upon his plea of guilty and sentenced, in accordance with the plea agreement, to an indeterminate term of imprisonment of three to six years. The defendant contends that his sentence was excessive, and seeks a reduction in the interest of justice. The People argue, among other things, that review of the defendant's sentence is foreclosed by his appeal waiver.
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Here, the record of the plea proceeding did not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. The Supreme Court, after inquiring of counsel whether the defendant had executed a written waiver, advised the defendant: "[Y]ou have just executed the waiver of appeal. And by doing so, you have given up your right to appeal, which means there will be no appeal with regards to anything in your case." Instead of ascertaining whether the defendant had made a knowing, voluntary, and intelligent choice to waive his right to appeal as a condition of his plea, the court merely informed the defendant that he had already waived his right to appeal by executing the appeal waiver and then confirmed that the defendant understood this established fact. "[A] defendant does not validly waive his or her right to appeal where the colloquy suggests that waiving the right to appeal [is] mandatory rather than a right which the defendant [is] being asked to voluntarily relinquish'" (People v Brown, 122 AD3d at 137, quoting People v Pelaez, 100 AD3d 803, 803). Moreover, the court failed to establish on the record that the defendant read and understood the written waiver, or discussed the waiver with his counsel (see People v Elmer, 19 NY3d 501, 510; People v Callahan, 80 NY2d 273, 283; People v Brown, 122 AD3d at 139). Under these circumstances, the purported waiver of the defendant's right to appeal is not enforceable (see [*2]People v Simon, 153 AD3d 1435; People v Colon, 153 AD3d 550; People v Head, 147 AD3d 1083; People v Bynum, 142 AD3d 1183; People v Burnett-Hicks, 133 AD3d 773).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court