People v Guniss (2018 NY Slip Op 02647)





People v Guniss


2018 NY Slip Op 02647


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-03489
 (Ind. No. 4500/15)

[*1]The People of the State of New York, respondent,
v
Devonte Guniss, appellant.


Seymour W. James, Jr., New York, NY (Allen Fallek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jill Oziemblewski of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed March 15, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Kuperschmidt, 152 AD3d 797, 798; People v Burnett-Hicks, 133 AD3d 773). Moreover, although the Supreme Court indicated that the defendant executed a written waiver of his right to appeal, the written waiver is not contained in the record on appeal. In any event, the court's colloquy amounted to nothing more than a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver (see People v Burnett-Hicks, 133 AD3d 773, 774; People v Brown, 122 AD3d 133, 140). Under the circumstances here, we conclude that the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Johnson, 157 AD3d 964, 965; People v Smith, 156 AD3d 944; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., AUSTIN, MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court