People v Zirkel (2018 NY Slip Op 05877)





People v Zirkel


2018 NY Slip Op 05877


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-01249
 (Ind. No. 5664/15)

[*1]The People of the State of New York, respondent,
v
Joseph Zirkel, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Walter Halstad on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed January 6, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Guniss, 160 AD3d 895, 896; People v Kupershmidt, 152 AD3d 797, 798; People v Burnett-Hicks, 133 AD3d 773, 774). Although the Supreme Court indicated that the defendant executed a written waiver of his right to appeal, the written waiver is not contained in the record on appeal. The court's colloquy amounted to nothing more than a simple confirmation that the defendant signed the waiver (see People v Guniss, 160 AD3d at 896; People v Burnett-Hicks, 133 AD3d at 774). The court failed to ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Pacheco, 138 AD3d 1035, 1036; People v Brown, 122 AD3d 133, 145). Under these circumstances, we conclude that the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Guniss, 160 AD3d at 896; People v Johnson, 157 AD3d 964, 965; People v Smith, 156 AD3d 944; People v Kupershmidt, 152 AD3d at 798).
However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, AUSTIN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court