People v Rivera (2019 NY Slip Op 02906)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Rivera

2019 NY Slip Op 02906

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-09592
(Ind. No. 10595/15)

[*1]The People of the State of New York, respondent,
vChico Rivera, appellant.

Janet E. Sabel, New York, NY (Eve Kessler of counsel) for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jill Oziemblewski of counsel; Anna Arena on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered August 9, 2016, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant did not validly waive his right to appeal. The Supreme Court's oral colloquy suggested that waiving the right to appeal was mandatory rather than a right that the defendant was being asked to give up (see People v Johnson, 157 AD3d 964, 965; People v Bynum, 142 AD3d 1183). Moreover, the court failed to ascertain on the record whether the defendant read and understood the written waiver or discussed it with his counsel (see People v Brown, 122 AD3d 133, 139). Since the defendant's purported appeal waiver was invalid, this Court is not preluded from reviewing the defendant's contention that the sentence imposed was excessive. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention regarding final orders of protection is unpreserved for appellate review because he did not raise the issue at sentencing or move to amend the orders of protection on the ground now raised (see CPL 470.05[2]; People v Nieves, 2 NY3d 310; People v Perry, 156 AD3d 654). We decline to review the defendant's contention in the exercise of our interest of justice jurisdiction.
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court