People v Freese (2019 NY Slip Op 05789)





People v Freese


2019 NY Slip Op 05789


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-10160
2017-10162

[*1]The People of the State of New York, respondent,
v
Robert Freese, appellant. (Ind. Nos. 2937/16, 8721/16)


Paul Skip Laisure, New York, NY (Sean Nuttall of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jill Oziemblewski of counsel; Anna Arena on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Dena E. Douglas, J.), both imposed June 27, 2016, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The record of the plea proceedings does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The Supreme Court's terse colloquy at the plea allocutions failed to sufficiently advise the defendant of the nature of his right to appeal and the consequences of waiving that right (see People v Farrell, 169 AD3d 919; People v Nugent, 109 AD3d 625). There is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights that are forfeited incident to a plea of guilty (see People v Farrell, 169 AD3d at 919-920; People v Hong Mo Lin, 163 AD3d 849, 850).
Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of his contention that his sentences were excessive. Nevertheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court