People v Aquino (2020 NY Slip Op 03241)





People v Aquino


2020 NY Slip Op 03241


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-02499
 (Ind. No. 4713/16)

[*1]The People of the State of New York, respondent,
v
Leila Aquino, appellant. Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Maria Torres on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Deborah Dowling, J.), imposed December 20, 2017, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of her right to appeal was invalid (see People v Thomas, 34 NY3d 545, 2019 NY Slip Op 08545; People v Brown, 122 AD3d 133, 146). The record does not demonstrate that the defendant understood that the appellate rights she was waiving were separate and distinct from the rights she was waiving by entering her plea of guilty. Thus, "the record fails to demonstrate a full appreciation of the consequences of such waiver" (see People v Brown, 122 AD3d at 146 [internal quotation marks omitted]). Moreover, the Supreme Court's statement to the defendant that by waiving her right to appeal, the defendant's "sentence and conviction will be final in this case," without more, suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at ______, 2019 NY Slip Op 08545, *7). The written waiver form does not overcome the ambiguities in the court's explanation of the right to appeal because the waiver form does not contain clarifying language that appellate review remained available for select issues (see 34 NY3d at ______, 2019 NY Slip Op 08545, *7). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court