People v King (2024 NY Slip Op 04782)

People v King

2024 NY Slip Op 04782

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-10005
 (Ind. No. 1401/21)

[*1]The People of the State of New York, respondent,
v
Keith King, appellant. 

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel; Patricia S. Shea on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Mary Bejarano, J., at plea; Frances Y. Wang, J., at sentence), imposed October 3, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The Supreme Court's colloquy mischaracterized the nature of the appeal waiver by stating that the defendant's conviction and sentence would be final, thereby suggesting that the waiver may be an absolute bar to the taking of an appeal (see People v Edwards, 223 AD3d 840; People v Aquino, 184 AD3d 656, 657). Moreover, the court failed to advise the defendant that the waiver did not encompass the loss of attendant rights to counsel and poor person relief (see People v Hopkins, 227 AD3d 734). Although the defendant executed a written appeal waiver form, the defendant's understanding of the appeal waiver is not evident on the face of the record due to the deficiency of the court's oral colloquy (see People v Quezada, 122 AD3d 948). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MALTESE, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court