People v Stokes (2024 NY Slip Op 05461)

People v Stokes

2024 NY Slip Op 05461

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-01211
 (Ind. No. 70197/22)

[*1]The People of the State of New York, respondent,
v
Mayling Stokes, appellant.

Patricia Pazner, New York, NY (Rebekah J. Pazmiño of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Richmond County (Lisa Grey, J.), imposed December 12, 2022, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Lopez, 6 NY3d 248, 256). Although the defendant executed a written appeal waiver form, it "implied that [she] was completely waiving h[er] right to prosecute an appeal as a poor person, and to have an attorney assigned if indigent" (People v Shanks, 37 NY3d 244, 253 [alterations and internal quotation marks omitted]). Relatedly, in its oral colloquy, the Supreme Court "failed to advise the defendant that the waiver did not encompass the loss of attendant rights to counsel and poor person relief" (People v King, ___ AD3d ___, ___, 2024 NY Slip Op 04782, *1 [2d Dept]; see People v Ortega, 228 AD3d 784, 784; People v Hopkins, 227 AD3d 734, 734). Since the defendant did not validly waive her right to appeal, this Court is not precluded from considering the merits of her contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MALTESE, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court